IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ALIMA BAHSHOOTA,

                Plaintiff,

vs.

METROPOLITAN COMMUNITY
COLLEGE FORT CAMPUS OMAHA,
NEBRASKA,

                Defendant.

8:23-CV-450

MEMORANDUM AND ORDER

The plaintiff, Alima Bahshoota, is a non-prisoner proceeding without payment of fees. The Court now conducts an initial review of the plaintiff's complaint, filing 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. SUMMARY OF COMPLAINT

This is an employment discrimination case. The plaintiff alleges that she was terminated on the basis of race, and as a result of "whistleblower retaliation." Filing 1 at 3, 6, 7. She claims that the defendant, her employer, fired her because the timekeeping software erroneously indicated that she had been repeatedly late to work. *See* filing 1 at 4-5.

According to the plaintiff, beginning in October 2021, her employer's timekeeping software inaccurately recorded the time that the plaintiff clocked in, and her "time was being changed." *See* filing 1 at 4. The plaintiff was

reprimanded for her late arrivals. The plaintiff's supervisor had human resources "investigate her time punches," and human resources "reported no findings of erroneous time punches." Filing 1 at 4. The plaintiff filed a complaint with her employer's president, who forwarded the complaint to the employer's general counsel. *See* filing 1 at 4.

The general counsel told the plaintiff he would investigate. The plaintiff sent him evidence, including her own recorded timekeeping that indicated she should not have been clocked in late. The plaintiff asserts that the software company, "Kronos/UKG," told her employer to stop using their time punch clock due to ransomware, and asked employers to report any time discrepancies. The plaintiff reported time discrepancies to her employer's general counsel, but he did not report them to Kronos/UKG. Filing 1 at 5.

The timekeeping software had infrequent discrepancies between the plaintiff's purported "actual" clock-in time and the recorded clock-in time. The plaintiff alleges this occurred from October 2021 to her termination in March 2022. Effectively, the plaintiff claims that she was terminated because her employer falsely believed she was perpetually late to work. Even though the plaintiff reported alleged discrepancies between her punch-in time and the time she actually arrived at work, she was still terminated as a result of the "erroneous" time punches. The plaintiff appears to allege that when two Caucasian employees faced similar timeclock issues, her employer officially changed their policy, even though the plaintiff had been reprimanded (and terminated) for the same conduct. *See* filing 1 at 5.

The plaintiff exhausted her administrative remedies. She received a right-to-sue letter on August 2, 2023, and timely filed this lawsuit on October 16, 2023. Filing 1 at 8.

2

## II. STANDARD OF REVIEW

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

The plaintiff has indicated she brings this action for discrimination in employment pursuant to "retaliation" and "whistleblower retaliation." Filing 1 at 3. However, she has not adequately alleged any protected action that she

3

took for which her employer retaliated against her, so her complaint is subject to dismissal.

Employers are prohibited from retaliating against employees for taking statutorily protected actions. Protected actions include (but are not limited to) reporting unsafe working conditions, suing an employer for discrimination, or reporting an employer's criminal or fraudulent acts. *E.g.,* 29 U.S.C. § 660(c); 42 U.S.C. § 2000e-3(a); 31 U.S.C. § 3730(h); *see also Beacom v. Oracle Am., Inc.,* 825 F.3d 376, 379 (8th Cir. 2016); *Schuhardt v. Wash. U.,* 390 F.3d 563, 566 (8th Cir. 2004); *Gilooly v. Mo. Dep't of Health and Senior Servs.,* 421 F.3d 734, 739 (8th Cir. 2005). And under Nebraska law, employers may not terminate employees for reasons that contravene "the letter or purpose of a constitutional, statutory, or regulatory provision or scheme." *Knapp v. Ruser,* 901 N.W.2d 31, 49 (Neb. 2017) (quoting *Trosper v. Bag 'N Save,* 734 N.W.2d 704, 706–07 (Neb. 2007)). In addition, the Nebraska Fair Employment Practice Act protects an employee who "has opposed any practice or refused to carry out any action unlawful under federal law or the laws of this state." Neb. Rev. Stat. § 48-1114(3); *see also Dittemore v. Transit Auth. of the City of Omaha,* No. 8:16-CV-23, 2016 WL 3945154 (D. Neb. July 19, 2016).[1]

---

[1] The Court notes that, if the plaintiff's claims were *entirely* based in state law, this Court would lack jurisdiction: Federal courts can adjudicate *only* those cases that the Constitution and Congress authorize them to adjudicate which generally are those in which: 1) the United States is a party; 2) a federal question is involved; or 3) diversity of citizenship exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). The United States is not a party, the parties are all in Nebraska, and were the plaintiff able to successfully plead only state law claims, there would be no federal question. But because the plaintiff is trying for a federal civil rights claim as well, the Court has considered whether her allegations present state law claims over which the Court could exercise supplemental jurisdiction.

The plaintiff appears to assert that the action for which she was retaliated against was reporting a malfunctioning timeclock. But there is no federal or state statute that protects such an act. *See* filing 1 at 3. A malfunctioning timeclock is not criminal, nor does any Nebraska or federal law require working timeclocks. The Nebraska Fair Employment Practice Act does not protect reporting a malfunctioning timeclock. *See Wolfe v. Becton Dickinson & Co.*, 662 N.W.2d 599, 603 (Neb. 2003). Nor can the plaintiff establish common-law tort liability for such retaliation: In the absence of a statute protecting certain activity, the public policy exception to at-will employment is "restricted to cases when a clear mandate of public policy has been violated." *Trosper*, 734 N.W.2d at 707. The plaintiff has failed to identify any such violation. Because the common-law tort of terminating employment in violation of public policy is "a narrow exception to the at-will employment doctrine, it is not enough for [a] court to rely on generalized concepts of fairness and justice in determining whether the tort should be allowed." *Dibbern v. York Surgical Assocs.*, 318 Neb. 928, 935 (2025).

However, the plaintiff alleges that "two [C]aucasian employees were allowed to be late," while she was reprimanded. Filing 1 at 5. This might be referencing some sort of disparate treatment. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, makes it unlawful for an employer to treat employees differently on the basis of race, gender, religion, or national origin. However, the plaintiff has not alleged *her own* race (or some other characteristic), her job title or position, the positions of those allegedly receiving favorable treatment, or any other facts that would support an inference that her employer treated similarly situated employees more favorably on the basis of race (or some other characteristic). *See Gilooly*, 421 F.3d at 738-39; *Greer v. St. Louis Reg'l Med. Ctr.*, 258 F.3d 843, 846 (8th Cir.

2001). The plaintiff has failed to allege an actionable claim under Title VII, though an amended complaint with additional facts *might* support one.

## IV. CONCLUSION

The plaintiff's complaint fails to state a claim upon which relief may be granted, and is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2). The Court, on its own motion, will give the plaintiff 30 days to file an amended complaint that states a plausible claim for relief under federal or state law. Otherwise, this action will be dismissed.

IT IS ORDERED:

1. The plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to the plaintiff. In the amended complaint, the plaintiff must comply with federal pleading requirements.

2. In the event the plaintiff files an amended complaint, the plaintiff shall restate the relevant allegations of the complaint, filing 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. The plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The plaintiff is advised that following the filing of her amended complaint, the next step in this case will be for the Court to

conduct an initial review of the plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. 1915(e)(2). The Court will conduct this review in its normal course of business.

4. Should the plaintiff require more time to comply with this Order, she must move for an extension, in writing, prior to the expiration of the deadline for compliance.

5. The Clerk's Office is directed to set pro se case management deadlines in this case using the following text: June 16, 2025: check for amended complaint.

Dated this 15th day of May, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge